IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert Graham, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 6:18-cv-2751-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Robert Graham, Jr., a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 1-2). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On November 2, 2018, the magistrate judge issued a Report and Recommendation (the "Report"), recommending that this § 2254 petition be summarily dismissed as successive, without prejudice and without requiring a return from the Respondent. (ECF No. 15 at 1, 4). Petitioner timely filed objections. (ECF No. 17).

I. Background

Petitioner is a state prisoner serving a life sentence without parole imposed on November 7, 1997, in the Florence County Court of General Sessions. (ECF No. 1-2 at 1). The magistrate judge took judicial notice that Petitioner has filed multiple

habeas petitions challenging the same life sentence that is now at issue in the current action. (ECF No. 15 at 1). On February 17, 2010, Petitioner filed his first § 2254 petition seeking relief from his 1997 life sentence. (ECF No. 15 at 1-2); *see Graham v. McCall*, C/A No. 6:10-cv-00376-MBS, 2011 WL 649698 (D.S.C. Feb. 11, 2011) ("*McCall I*"). The court dismissed the *McCall I* petition with prejudice as time-barred under 28 U.S.C. 2244(d)(1(D). *See McCall I*, 2011 WL 649698 at *3-4.

On March 16, 2011, Petitioner filed a "Notice and Motion to Set Aside Judgment" on the 1997 convictions and sentences. (ECF No. 15 at 2). *See Graham v. South Carolina*, C/A No. 6:11-00595-MBS, 2012 WL 527606 (D.S.C. Feb. 16, 2012) ("*Graham I*"). The court construed Petitioner's action as a § 2254 petition and ordered Petitioner to "to bring his action into proper form" or risk having his case dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an order of the court. *See Graham I,* 2012 WL 527606 at *3. When he failed to do so, the court dismissed the action without prejudice. (ECF No. 15 at 2).

On May 25, 2012, filed a third § 2254 petition seeking relief from the same sentence. (ECF No. 15 at 2). The court concluded that the petition was successive and dismissed it for Petitioner's failure to secure permission from the Fourth Circuit Court of Appeals to file a second or successive petition pursuant to 28 U.S.C. §

2244(b)(3). *See Graham v. McCall*, C/A No. 6:12-cv-1381-CMC-KFM, 2012 WL 2891108, at *1 (D.S.C. July 16, 2012) ("*McCall II*").

On September 20, 2012, Petitioner filed a petition under 28 U.S.C. § 2241 seeking relief from the same sentence he challenges in the instant petition. (ECF No. 15 at 2). *See Graham v. State Atty. Gen., No.* C/A No. 6:12-2699-CMC-KFM, 2012 WL 6633915, at *1 (D.S.C. Dec. 20, 2012) ("*Graham II*"). The court construed the petition as a successive § 2254 petition and dismissed it without prejudice because Petitioner once again had failed to secure permission from the Fourth Circuit Court of Appeals to file a second or successive petition pursuant to § 2244(b)(3). *See Graham II*, 2012 WL 6633915, at *1.

Finally, on October 9, 2018, Petitioner filed the instant petition pursuant to § 2254, challenging the same November 7, 1997 life sentence he has challenged in multiple § 2254 petitions. (ECF No. 1-2 at 1).[1] Specifically, Petitioner raises two

---

[1] The Report indicated that in the present habeas action, Petitioner is challenging his sentences entered on April 9, 1991, and that he has filed multiple habeas challenges to the April 9, 1991, sentences. (ECF No. 15 at 1). The magistrate judge's use of this date in the Report is clearly inadvertent. It is clear beyond any doubt from the Report as a whole that the magistrate judge is referring to Petitioner's life sentence which was imposed on November 7, 1997. This is supported further by the magistrate judge's citation to Petitioner's four prior habeas petitions, all of which raise a challenge to his November 7, 1997, life sentence.
    The court notes that Petitioner's life sentence was imposed under South Carolina's recidivism statute. *See McCall I*, 2011 WL 649698, at *1. Petitioner indicates that he pled guilty to the predicate offenses on April 9, 1991. (ECF No. 1-2 at 8). Petitioner does not object to the Report based on the magistrate's inadvertent

claims asserting that his sentence was imposed in violation of the Thirteenth Amendment (ECF No. 1-2 at 5-7); one claim asserting that the sentencing court impermissibly relied upon prior convictions in imposing his life sentence, *id*. at 8-9; and two claims that the sentencing court had no authority to impose his sentence because the proper notices were not filed, *id*. at 9-10.

In his Report, the magistrate judge determined that the instant petition is successive in nature because Petitioner's initial habeas petition in *McCall I* challenging the life sentence was dismissed as time-barred and, therefore, decided on the merits. *Id*. at 2, 4. As a result, the magistrate judge concluded that Petitioner was required to obtain authorization from the Fourth Circuit Court of Appeals before filing the instant petition. *Id*. at 4. Since Petitioner has not done so, the magistrate judge recommended that the court dismiss this petition without prejudice and without requiring Respondent to file a return. *Id.* at 1, 4.

## II. Analysis

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the

---

use of the April 9, 1991, date to identify the sentence that Petitioner is challenging in the habeas action presently before the court.

Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition *pro se*, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

As the magistrate judge did, this court takes judicial notice of the previous ruling in *McCall I* in which the court dismissed Petitioner's prior habeas petition challenging the same sentence he challenges in the instant action as time-barred under § 2244(d)(1)(D). *See McCall I*, 2011 WL 649698, at *3-4. The dismissal of

a § 2254 petition as untimely "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." *Quezada v. Smith*, 624 F .3d 514, 519–20 (2d Cir.2010) (internal quotation marks omitted); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Thus, this court does not have jurisdiction to review the matters set forth in the current petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. *See* § 2244(b)(3)(A).

In his objections to the Report (ECF No. 17), Petitioner amplifies and adds to the grounds raised in his petition for challenging the legality of his sentence, claiming (1) that his sentence is void as the solicitor failed to serve notice of intent to seek a life sentence, *id.* at 1; (2) that the court "has territorial authority" to grant relief from a void sentence, *id.* at 2-3; (3) that summary dismissal of this petition would violate Petitioner's due process rights where Petitioner has been detained for more than thirteen years above the statutory maximum sentence, *id.* at 4; (4) that his unlawful confinement violates the Thirteenth Amendment and it is therefore within the power of the court to vacate his sentence, *id.* at 5; (5) that the court has the power to consider whether Petitioner was actually and factually innocent of the basis for his enhanced sentence, *id.* at 6; and (6) that it would be unfairly prejudicial for the court to summarily dismiss his claims because he is a *pro se* litigant, *id.* at 7. Petitioner, however, does not challenge the magistrate judge's determination that his

petition is successive or that he has failed to seek authorization from the Fourth Circuit Court of Appeals to file the instant petition. (ECF No. 15 at 4). And, to the extent that Petitioner's objections can be construed as contesting the constitutional validity of the restrictions on filing successive habeas petitions, the court rejects them. *See, e.g., Evans v. Thompson*, 465 F. Supp. 2d 62, 71–72 (D. Mass. 2006) (explaining "the Supreme Court has upheld the constitutionality of this restriction on successive habeas petitions [in] *Felker v. Turpin*, 518 U.S. 651, 664, (1996)), *aff'd*, 518 F.3d 1 (1st Cir. 2008)).

## III. Conclusion

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 15). Accordingly, the Petition (ECF Nos. 1, 1-2) is **DISMISSED** without prejudice and without requiring Respondent to file a return.[2]

Finally, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S.

---

[2] Because the court is without jurisdiction to review the underlying petition, all other pending motions (ECF Nos. 16, 21) are terminated.

322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED**.

s/Timothy M. Cain      <br>
United States District Judge

Anderson, South Carolina
July 10, 2019